# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, *et al.*,<br><br>        Defendants. | 1:12-mc-00019 GSA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO QUASH SUBPOENAS**<br><br>(Document 1) |

### RELEVANT BACKGROUND

In 2009, Plaintiff Howard Young ("Plaintiff") filed a civil rights complaint in the United States District Court for the Southern District of California, case number 09-cv-2545 DMS JMA. Related thereto, Defendant California Department of Corrections and Rehabilitation ("Defendant" or "CDCR") issued subpoenas out of this district, seeking records maintained at Kern Valley State Prison. Plaintiff moves to quash the subpoenas on the basis they are too broad and are "not subject to the case in question." Alternatively, he asks this Court to modify the subpoenas to "limit them to the dates and incidents that are relevant" to the action pending before the Southern District. (Doc. 1 [motion]; *see also* Doc. 6 [reply to opposition].)

//

1

As directed, Defendant filed its opposition to Plaintiff's motion to quash and/or modify the subpoenas on April 30, 2012. Defendant contends the subpoenas issued relating to Plaintiff's medical records and central file are relevant and narrowly tailored. Moreover, Defendant asserts Plaintiff has not met the heavy burden required of him. (Doc. 5 [opposition to motion].)

The matter was deemed submitted for written findings on May 31, 2012. (*See* Doc. 4 [minute order setting deadlines].) For the reasons that follow, Plaintiff's motion is denied.

## DISCUSSION[1]

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (3) ***Quashing or Modifying a Subpoena***.
> (A) *When required*. On timely motion, the issuing court must quash or

---

[1] This Court notes that Defendant is actually already in possession of the records it subpoenaed, however, counsel for Defendant has not reviewed the records pending the outcome of Plaintiff's motion.

2

modify a subpoena that:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

### *Relevance*

Plaintiff contends the discovery sought by Defendant is irrelevant. He does not, however, explain how the information is irrelevant. (*See* Docs. 1 & 6.)

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 410.

This Court finds, following a review of Plaintiff's claims and the subpoenas issued by Defendant, that the discovery sought here is relevant. Plaintiff is reminded that relevance and admissibility for purposes of trial are different determinations, to be made at a later date in the matter now pending before the Southern District.

### *Breadth of the Subpoenas*

Plaintiff contends the subpoenas are too broad. Defendant asserts the subpoenas were narrowly tailored and only seek evidence relevant to Plaintiff's claim or a defense.

This Court has reviewed the subpoenas issued by Defendant. The first subpoena seeks "[m]edical records of Howard Young CDC# F-44590 from January 1, 2008 to the present (excluding dental and optometry records)." (Doc. 5, Ex. B at 23.) The second subpoena seeks particular records found in Plaintiff's central or "C" file: "1) CDC 112 Chronological History; 2) CDC 128G Classification Chronos; 3) CDC 115 Disciplinary Reports; 4) 837 Incident Packages; 5) Probation Report; 6) Abstracts of Judgment; 7) General and medical chronos; 8) Administrative Segregation logs; and [9)] all 802's filed by" Plaintiff. (Doc. 5, Ex. C at 27.)

In light of the claims asserted by Plaintiff in the action now pending in the Southern District (*see* Doc. 5, Ex. 1), Defendant's subpoenas are not overbroad.

3

The subpoena pertaining to medical records does not require further limitation as to the time period referenced, to wit: January 1, 2008 to present.  As noted by Defendant, Plaintiff claims he suffered a MRSA or staph infection as a result of Defendant's actions; therefore, whether or not Plaintiff has been treated for that infection or a similar infection prior to the time period specifically pertaining to his claims - May 2009 to March 2010 - is a reasonable and narrowly-tailored inquiry by Defendant.

The subpoena pertaining to the central file, while unlimited as to a time period, is not overbroad in light of Plaintiff's claims.  Nor does Plaintiff *explain* how it is overbroad on this basis, a burden that it his to meet.

Indeed, for but one example, Plaintiff's claim regarding his right to receive a particular diet in accordance with his religious beliefs may require discovery into those beliefs held during his incarceration as a whole.  *See, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972) (a prisoner is entitled to a reasonable opportunity to practice his religion); *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (religious belief must be "'sincerely held'" and "'rooted in religious belief'").

### *Privacy Concerns*

In his reply to Defendant's opposition, Plaintiff claims his "rights to privacy need to be protected," and as a result, the subpoenas should be quashed.  (Doc. 6.)

Although Plaintiff alleges a privacy privilege, that right is not absolute.  Privacy rights are generally recognized by federal courts.  *Johnson v. Thompson*, 971 F. 2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F. 2d 114, 119-120 (3rd Cir. 1982).  However, the right is not absolute but may be subject to invasion depending on the circumstances.  *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 857 (1994).  To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy rights.  *Thierno v. Rite Aid Corp*., 2008 WL 3287035 (N.D. Cal. 2008), citing *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *see also Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999) (California right to privacy is

subject to a balancing of the needs of the litigation with the sensitivity of the information/records sought).

Here, balancing Defendant's need for the information it seeks against Plaintiff's individual privacy rights tips in Defendant's favor.  Plaintiff's suit concerns his placement in the administrative segregation unit wherein the cell in which he was housed had a malfunctioning toilet and was constantly illuminated.  As a result of the unsanitary conditions present, Plaintiff suffered a MRSA/staph infection.  Moreover, Plaintiff alleges he was denied access to outdoor exercise for a period of ten months.  Finally, Plaintiff alleges he is a "Hebrew Israelite," whom is entitled to kosher meals, yet Plaintiff was served non-conforming religious vegetarian meals instead.  The information sought by Defendant from Plaintiff's central file and medical records is relevant to both Plaintiff's claims and Defendant's defenses to those claims.  Because Plaintiff's claims have placed his health and his confinement conditions at issue, Plaintiff's privacy rights must give way to Defendant's access to this information.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to quash, or alternatively to limit, the subpoenas issued by Defendant, is DENIED.


IT IS SO ORDERED.

Dated:  **June 4, 2012**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

5