IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, ) | 1:12-MC-0019 GSA |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. ) | |
| ) | |
| CDCR, et al., ) | (Document #8) |
| ) | |
| Defendants. ) | |

## BACKGROUND

This action is based on Plaintiff's motion to quash subpoenas issued out of this court. Plaintiff Howard Young ("Plaintiff") is proceeding with a civil rights complaint in the United States District Court for the Southern District of California, case number 09-CV-2545 DMS JMA ("Southern District Court Case"). As part of their discovery in the Southern District Court Case, Defendants issued subpoenas out of this District, seeking records maintained at Kern Valley State Prison.

On June 4, 2012, Magistrate Judge Gary S. Austin denied the motion to quash subpoenas, and this action was closed.

On June 19, 2012, Plaintiff filed a motion for reconsideration of Magistrate Judge Austin's June 4, 2012 order.

**LEGAL STANDARD**

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

**DISCUSSION**

Plaintiff's motion for reconsideration contains no new facts or law providing a reason for reconsideration. As he did in the motion to quash, Plaintiff merely contends in a conclusory fashion that the subpoenas are too broad because they relate to dates and incidents not relevant to the Southern District Court Case against Defendants. As explained by the Magistrate Judge, Rule 26(b) of the Federal Rules of Civil Procedure allows for the discovery of any matter "relevant to the subject matter involved in the action." The underlying Southern District Court Case contains allegations that Plaintiff suffered a MRSA or staph infection because Defendants placed him in an administrative segregation cell that was not sanitary. The subpoenas seek

medical records and portions of Plaintiff's Central File.   As explained by the Magistrate Judge, these records are relevant to both the necessity of placing Plaintiff in administrative segregation and Plaintiff's MRSA diagnosis and treatment.   Further, Plaintiff's Central File is relevant to Plaintiff's claims concerning the failure to provide him with a religious diet.   Thus, Plaintiff has not shown the Magistrate Judge's decision to deny Plaintiff's motion to quash was clear error.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   June 25, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3